UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LEON CHARLES** | ) |
| | ) |
| **Plaintiff,** | ) CASE NO. |
| | ) |
| | ) JURY TRIAL REQUESTED |
| v. | ) |
| | ) |
| **ALLSTATE INDEMNITY COMPANY** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **LEON CHARLES** (hereinafter "Plaintiff"), who respectfully represents as follows.

### PARTIES

1.

The parties herein are:

Plaintiff **LEON CHARLES** is a natural person of the full age of majority who is domiciled in Jefferson Davis Parish, Louisiana; and

Made defendant herein is **ALLSTATE INDEMNITY COMPANY** (hereinafter "ALLSTATE"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, defendant **ALLSTATE** is an Illinois corporation with its principal place of business in Northbrook, Illinois. Upon information and belief, **ALLSTATE** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **ALLSTATE**, at all material times, has conducted business within the State of Louisiana,

including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, Illinois.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL BACKGROUND

3.

**ALLSTATE** insured the property of Plaintiff located at 714 Acadian Drive, Jennings, LA 70546 under Policy No. 000815531282, which was in full force and effect on or about August 26, 2020.

4.

Where used herein, **ALLSTATE** refers to not only the named entity but to anyone acting for or on behalf of **ALLSTATE** in relation to the claim of Plaintiff, including the employees, contractors, adjusters and agents of **ALLSTATE** or anyone providing services to **ALLSTATE** relating to the claims of Plaintiff, including but not limited to the Third-Party Administrator of **ALLSTATE**.

5.

Hurricane Laura struck the Gulf Coast including Jennings, Louisiana from August 26- 28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Laura.

7.

Subsequent to Hurricane Laura, **ALLSTATE** was notified of the loss to the Charles home located at 714 Acadian Drive, Jennings, LA 70546 and provided satisfactory proof of loss when it was given access to inspect all damages at the insured property without limitation.

8.

On February 9, 2022 Still Signature Homes performed an estimate of the damage to the brick at the Charles home. The estimate approximates damages in the amount of $102,506.15. This estimate along with objective photos and videos of the damage to the Charles home were promptly provided to **ALLSTATE.**

9.

On or about June 28, 2022, Allstate prepared an estimate which misrepresented the extent and nature of the damage to the Plaintiff's home and underestimated the amount needed to repair the home as supported by estimates Plaintiff was forced to procure to repair the home.

10.

Plaintiff sustained a significant loss to the insured property, including $102,506.15 to repair the brick on his home, as well as damage to the roof and water damage to the interior ceiling.

11.

To date, **ALLSTATE** has not paid for any of the damages sustained to the Plaintiff's home.

## CLAIM FOR BREACH OF CONTRACT

12.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

13.

**ALLSTATE** undeniably owes Plaintiff the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above designated policy and has failed to unconditionally tender the full amounts owed.

14.

**ALLSTATE** is in breach of its obligations to Plaintiff under the insurance policy by its failure to pay timely the amounts owed under the policy.

15.

In addition to amounts reflected in proofs of loss already received by **ALLSTATE**, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

## CLAIMS FOR VIOLATIONS OF LA. R.S. § 22:1892 AND/OR §22:1973

16.

Plaintiff adopts and re-alleges each allegation contained in this Petition as if set out anew herein.

17.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **ALLSTATE**, to pay the amount due any insured **within thirty (30) days** after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable, attorney fees and costs.

18.

Louisiana Revised Statute § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured **within sixty (60)** days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

19.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

20.

More than thirty and sixty days have elapsed since **ALLSTATE** first received satisfactory proof of loss of all of Plaintiff claims and **ALLSTATE** still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

21.

In addition to the amount of the loss owed, **ALLSTATE** is also liable to Plaintiff for a penalty of 50% of the amount due from **ALLSTATE**, as well as reasonable attorney's fees and costs, based on **ALLSTATE's** failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss because **ALLSTATE's** failure to do so was arbitrary, capricious, or without probable cause.

22.

As a result of **ALLSTATE's** failure to timely pay the amounts owed, Plaintiff has suffered and continue to suffer damages for which **ALLSTATE** is liable including but not limited to mental-anguish, aggravation, and inconvenience for **ALLSTATE's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiff within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

23.

In addition to actual damages for its violation of Louisiana Revised Statue § 22:1973, **ALLSTATE** is additionally liable to Plaintiff for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

24.

**ALLSTATE** is and continues to be in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

**WHEREFORE**, after due proceedings hereon, Plaintiff **LEON CHARLES** prays for judgment in his favor against Defendant **ALLSTATE INDEMNITY COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 12st day of July 2022.

Respectfully submitted,

/s/ *Mark G. Montiel, Jr.*

_____

MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
**Attorneys for Leon Charles**

**Service will be made on Defendant**
**ALLSTATE INDEMNITY COMPANY**
Through Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809